OPINION OF THE COURT
Louis Fusco, J.
Motion by defendant for an order pursuant to section 148-a of the Judiciary Law and the First Department rules (22 NYCRR 636.1) permitting the defendant Ethicon, Inc. to submit contentions and memoranda and in all respects to participate at the medical malpractice mediation panel hearing, or, in the event such permission is not granted, staying the hearing pursuant to CPLR 2201 pending the appeal of the order denying the motion, is disposed of as follows:
*428 This is an action to recover damages for pain and suffering prior to death, loss of consortium and wrongful death as a result of alleged negligence of the defendant physicians and hospital and breach of warranty and products liability of the defendant Ethicon and Edward Laboratories. The complaint alleges that Ethicon was the manufacturer of 2-0 silk sutures which were used in the open heart operations performed on the deceased and which allegedly broke causing damage to the deceased’s heart wall and causing infection leading to his death.
Plaintiff’s complaint alleges claims of medical malpractice against the physicians and hospital and breach of warranty and products liability against Ethicon, the suture manufacturer. At the prescreening conference in this action, the court stated that Ethicon’s counsel would be permitted to be present at the medical malpractice panel hearing but would not be permitted to submit contentions or to participate at the hearing.
By this motion, defendant Ethicon seeks permission to submit contentions and memoranda and participate in the medical malpractice panel hearing. Ethicon contends that it would be prejudiced if it is not permitted to participate in the malpractice hearing and there is a unanimous recommendation of no liability as to any one of the other defendants which is read to the jury at trial. Ethicon submits that both the statute establishing the malpractice panel and First Department rules contemplated the participation of "any party,” "the parties” and "all parties”.
Ethicon’s position is that section 148-a of the Judiciary Law encompasses a defendant named in a malpractice action but sued on a theory of breach of warranty and products liability.
Section 148-a of the Judiciary Law was enacted by chapter 146 of the Laws of 1974, effective September 1, 1974. The statute was enacted to deal with the crisis of increasing medical malpractice insurance rates. In Kletnieks v Brookhaven Mem. Assn. (53 AD2d 169, 172-173), the Appellate Division, Second Department, quoted Governor Wilson’s approval memorandum: " 'Medical malpractice suits have become a problem of ever-increasing proportions in New York State. One innovative and promising concept brought to bear on this problem was the establishment three years ago of a medical malpractice mediation panel in the First Judicial Department. The "Stevens Panel” has proven to be an excellent vehicle for *429 bringing the parties together for informal discussion prior to actual litigation and utilization of this concept has enabled settlement of many cases and more expeditious trial of those that could not be settled. Therefore, I fully support implementation of this concept on a Statewide basis’ ”.
Subdivision 1 of section 148-a was amended by chapter 95 of the Laws of 1978 to add a sentence including malpractice actions where a hospital is a named defendant. However, the aforesaid statute and amendment does not provide for the specific inclusion of parties sued on theories of breach of warranty and products liability. It is patent the statute was enacted for malpractice actions involving physicians and hospitals but not manufacturers of products which may be included in such actions.
Ethicon further claims that the denial of its right to submit contentions or to participate in the medical malpractice panel hearing constitutes a denial of procedural due process affecting a substantial right pursuant to the provisions of the Fourteenth Amendment to the United States Constitution and section 6 of article I of the State Constitution. There is no denial of Ethicon’s constitutional right to procedural due process in this situation. Ethicon’s counsel is permitted to be present at the hearing but is not bound by the panel’s determination. Moreover, at the trial of the action, the Trial Judge will charge the jury as to the applicability of section 148-a of the Judiciary Law and Ethicon may make such requests to charge as it desires and object to those charges which it claims are objectionable.
Accordingly, Ethicon’s motion is denied in its entirety including the request to stay the panel hearing pending an appeal of the order denying the motion.