■ ALEXANDER RICOZZI, Plaintiff, v A. P. BALCHUNAS et al., Defendants; ABBOTT LABORATORIES, Respondent, and UNITED HOSPITAL, Appellant. — In an action to recover damages for wrongful death, etc., based on alleged medical malpractice and products liability, defendant United Hospital appeals, by permission, from an order of the Supreme Court, Westchester County (Sirignano, J.), dated December 29, 1982, which vacated the recommendation of a medical malpractice panel after a hearing and directed that a new hearing be held. Order affirmed, with costs. Subdivision 1 of section 148-a of the Judiciary Law requires that a medical malpractice panel be convened and a hearing be held to facilitate the disposition of medical malpractice actions. Subdivision 5 thereof provides that "[a]ll parties shall be represented at the hearing by counsel authorized to act for their respective clients". Subdivision (a) of section 684.5 of the rules of this court (22 NYCRR 684.5 [a]) provides that "[t]he court shall fix the date and time for the hearing and shall give notice thereof to the members of the panel and the parties or their counsel at least 30 days before the date set". We do not believe, as appellant herein contends, that these provisions are inapplicable to a products liability defendant named as a party to a medical malpractice action. Such defendant is entitled to notice of the panel hearing and to an opportunity to appear at said hearing. Since respondent Abbott Laboratories, a products liability defendant in the matter before us, was given no notice of the panel hearing and thereby was deprived of the opportunity to attend, the recommendation of the panel must be vacated. Cross-examination of panel members called as witnesses at trial pursuant to subdivision 8 of section 148-a of the Judiciary Law is not an adequate substitute for an appearance at the hearing. It is unnecessary, in view of the issue presented on appeal, to reach the question of whether a products liability defendant named in an action based primarily on medical malpractice may participate in a panel hearing (cf. *Conklin v Montefiore Hosp. & Med. Center,* 101 Misc 2d 427, app dsmd 74 AD2d 792; *Calvin v Schlossman,* 74 AD2d 265). Titone, J. P., Thompson, Bracken and Rubin, JJ., concur.

■ VICTORIA RODRIGUEZ et al., Respondents, v HOWARD A. HARRIS et al., Defendants, and COLDWAY FOOD EXPRESS, INC., Appellant. (And a Third-Party Title.) — In an action to recover damages for personal injuries, etc., defendant Coldway Food Express, Inc., appeals from an order of the Supreme Court, Queens County (Lerner, J.), dated May 27, 1983, which, *inter alia,* granted plaintiffs' application to compel all defendants to be represented during trial by one attorney. The plaintiffs have moved, *inter alia,* to "vacate the Notice of Appeal and the Appeal" and to vacate a prior order of this court, dated June 10, 1983, which stayed the trial of this action pending determination of the appeal. Motion granted, appeal dismissed and order of this court dated June 10, 1983 vacated, without costs or disbursements. After this appeal was taken, plaintiffs moved at Trial Term to vacate the underlying order. On August 15, 1983 that motion was granted, and, accordingly, the instant appeal is moot. Mollen, P. J., Damiani, Mangano and Gulotta, JJ., concur.